## Commonwealth v. Ahrin

*Bernard E. DiJoseph*, District Attorney, for Commonwealth.

*H. Lester Haws*, for defendant.

KNIGHT, P. J., March 13, 1957.—Defendant was charged with a violation of section 1019 (*a*) of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §611, which reads inter alia as follows:

"No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off the paved or improved or main traveled portion of such highway: Provided, In no event shall any person park or leave standing any vehicle, whether attended or un-

attended, upon any highway, unless a clear and unobstructed width of not less than fifteen (15) feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of five hundred (500) feet in each direction upon such highway: . . .''

Defendant waived a hearing before a justice of the peace and appealed to this court where the case was heard de novo before the writer. After hearing the evidence for the Commonwealth and defendant, the hearing judge found defendant guilty and sentenced him to pay the costs of prosecution and a fine of $10. Defendant filed these motions which were argued before the court en banc.

The facts as developed at the hearing were as follows: On Sunday afternoon, August 12, 1956, about 4:55 p.m., a member of the Pennsylvania State Police noticed a Buick sedan standing on the ramp leading down from the southbound lane of the northeast branch of the Pennsylvania Turnpike. The traveled portion of the ramp is 10 feet wide. Defendant, who was operating the Buick, was engaged in a conversation with the occupants of another autmobile which was standing on the berm of the ramp. The officer testified that there were several cars standing behind defendant's car which was obstructing traffic on the ramp. The officer further testified that defendant allowed his vehicle to stand in the position above described for from two to three minutes, and that there were at least 15 cars stopped in back of defendant's automobile.

Defendant testified that he stopped in answer to a request by a motorist parked on the berm of the ramp for directions as to how to reach Philadelphia. He testified that he was only standing on the ramp from one to one and a half minutes and that there were no

cars standing on the ramp in back of his and that he was not obstructing traffic.

Here are some of the reasons that impelled the hearing judge to reach the decision that he did. It will be noted that the provisions of section 1019 are mandatory and the only exception to their application is in the case of a disabled vehicle. To give directions to a stranger is a friendly and considerate thing to do and we do not criticize defendant for what he did. But in performing his humanitarian act, it was not necessary for him to stop on the ramp. It was entirely practicable for him to stop off the paved or improved or main-traveled portion of the highway.

Section 1019(a) says nothing about obstructing traffic, but it provides: "In no event shall any person park or leave standing any vehicle, whether attended or unattended, upon any highway, unless a clear and unobstructed width of not less than fifteen (15) feet . . . be left for free passage of other vehicles. . . ."

The undisputed testimony is that the traveled portion of the ramp is only 10 feet wide so that under defendant's own testimony, he was guilty of a violation of section 1019.

In the civil case of Johnson v. Angretti, 364 Pa. 602, it was contended that a passenger bus violated section 1019 by stopping on the highway momentarily to allow a passenger to alight. The Supreme Court had this to say in the opinion on page 606:

"Apart from the fact that apparently, therefore, it would have been physicially impossible for the bus to have gone any further off the concrete the decisions are numerous to the effect that section 1019 of the Code was not intended to prohibit the momentary stopping of a vehicle or a temporary obstruction of the highway if for proper purpose and under proper circumstances."

We have no quarrel with this interpretation of section 1019. It is common sense exemplified every day on

the highways of the Commonwealth. We will concede that stopping on the highway to ask or give driving directions is a proper purpose, but defendant stopped at an improper place and under improper circumstances. It was not necessary for him to obstruct the highway to accomplish his purpose. He could have pulled off the traveled portion and then gone back to the driver of the other car. It is also very hard to believe that a car could stop for even one and a half minutes on the ramp of a busy intercourse on the Pennsylvania Turnpike at 5 p.m. on a Sunday afternoon in the summertime without one car being stopped behind it. On the other hand, it is not hard to believe that a car so stopped for two to three minutes could hold up 15 cars.

And now, March 13, 1957, the motions for a new trial and in arrest of judgment are discharged. The sentence imposed on defendant is reaffirmed.